IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No.  6:24-cv-00536-ADA |
| v. | § | Civil Action No.  6:24-cv-00538-ADA |
| | § | Civil Action No.  6:24-cv-00539-ADA |
| **ACER INC.** | § § | JURY DEMANDED |
| *Defendant*. | § § § | |

## JOINT SCHEDULE

1

| **Deadline** | **Item** |
|---|---|
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later.<br><br>March 10, 2025 (or service/waiver + 8 weeks) | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 7 days before CMC<br>[CMC date: February 17, 2025]<br><br>February 10, 2025 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC<br><br>March 3, 2025 | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 11 weeks after CMC<br><br>May 5, 2025 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| 13 weeks after CMC<br><br>May 19, 2025 | Parties exchange claim terms for construction. |
| 15 weeks after CMC<br>June 2, 2025 | Parties exchange proposed claim constructions. |
| 16 weeks after CMC<br><br>June 9, 2025 | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 17 weeks after CMC<br>June 16, 2025 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 18 weeks after CMC<br><br>June 23, 2025 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 21 weeks after CMC<br><br>July 14, 2025 | Plaintiff files Responsive claim construction brief. |
| 23 weeks after CMC<br><br>July 28, 2025 | Defendant files Reply claim construction brief.<br>Parties to jointly email the law clerks (see OGP at 1) to confirm their Markman date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 25 weeks after CMC<br><br>August 11, 2025 | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply<br><br>August 14, 2025 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| 26 weeks after CMC (but at least 10 days before *Markman* hearing)<br><br>August 15, 2025 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| 27 weeks after CMC (or as soon as practicable)<br><br>August 25, 2025 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1 business day after *Markman* hearing<br><br>August 26, 2025 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing<br><br>October 6, 2025 | Deadline to add parties. |
| 8 weeks after *Markman* hearing<br><br>October 20, 2025 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing<br><br>December 15, 2025 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman*<br><br>February 23, 2026 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |

---

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

4

| | |
|---|---|
| 30 weeks after *Markman* hearing<br><br>March 23, 2026 | Close of Fact Discovery. |
| 31 weeks after *Markman* hearing<br><br>March 30, 2026 | Opening Expert Reports. |
| 35 weeks after *Markman* hearing<br><br>April 27, 2026 | Rebuttal Expert Reports. |
| 38 weeks after *Markman* hearing<br><br>May 18, 2026 | Close of Expert Discovery. |
| 39 weeks after *Markman* hearing<br><br>May 26, 2026 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits.  To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side.  The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing<br><br>June 1, 2026 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistratejudge. |

| | |
|---|---|
| 42 weeks after *Markman* hearing<br><br>June 15, 2026 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 44 weeks after *Markman* hearing<br><br>June 29, 2026 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing<br><br>July 6, 2026 | Serve objections to rebuttal disclosures and file motions *in limine*. |
| 46 weeks after *Markman* hearing<br><br>July 13, 2026 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 47 weeks after *Markman* hearing<br><br>July 20, 2026 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions in limine. |
| 48 weeks after *Markman* hearing<br><br>July 27, 2026 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |

6

| | |
|---|---|
| 3 business days before Final Pretrial Conference. July 29, 2026 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 8 weeks before trial June 29, 2026 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates |
| 49 weeks after *Markman* hearing (or as soon as practicable) August 3, 2026 | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[4] August 24, 2026 | Jury Selection/Trial. |

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.