**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS INC. | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.  6:24-cv-00536-ADA |
| ACER INC., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT ACER INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO**
**FED. R. CIV. P. 12(B)(6)**

# TABLE OF CONTENTS

I.     Claim preclusion requires dismissal of Counts I and IV because SVV pleads no
       new cause of action. ..................................................................................... 2

       A.     SVV is wrong on the law and improperly conflates claim preclusion, issue
              preclusion, and the *Kessler* doctrine. ................................................... 2

              1.     Claim preclusion prevents a prevailing plaintiff from bringing a
                     second action for additional relief. ............................................... 2

              2.     SVV's "specific products" standard is incorrect. ....................... 2

              3.     Claim preclusion is not defined by the scope of discovery. ........ 4

       B.     SVV's allegations in its FAC are temporally unlimited. ........................ 5

       C.     SVV has no new cause of action because any Acer infringement of
              the '397 and '205 patents was part of one transaction compensated by the
              jury's lump sum verdict. ........................................................................ 6

II.    Count III should be dismissed for asserting the same cause of action that is
       already before this court ............................................................................. 7

       A.     The duplicative litigation doctrine requires only a duplicative, currently
              pending cause of action between the same parties .................................. 7

       B.     The Court should streamline proceedings and dismiss or stay Count III in
              view of the pending 641 Suit involving identical allegations. ............... 7

III.   There are no disputed material facts: the newly accused products are essentially
       the same as—if not *the same* based on the 2022 complaints—as those previously
       accused. ...................................................................................................... 8

       A.     SVV's complaints broadly accusing Acer's "LED-backlit LCD display
              panels" properly illustrates why no factual disputes exist. .................... 8

       B.     Acer's motion established that Counts I, III, and IV accuse "essentially the
              same" products SVV accused in its 2022 cases and SVV failed to present
              any substantive argument in response ..................................................... 9

IV.    Conclusion ................................................................................................. 10

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adaptix, Inc. v. AT&T Mobility LLC*,
   No. 6:12-CV-17, 2015 WL 12696204 (E.D. Tex. May 12, 2015)..................................2, 3, 10

*Arendi S.A.R.L. v. LG Elecs. Inc.*,
   47 F.4th 1380 (Fed. Cir. 2022) .................................................................................................7

*Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.*,
   27 F.4th 313 (5th Cir. 2022) ....................................................................................................8

*Brain Life, LLC v. Elekta Inc.*,
   746 F.3d 1045 (Fed. Cir. 2014)............................................................................................2, 5

*ChriMar Sys., Inc. v. Alcatel-Lucent, Inc.*,
   No. 6:15-cv-163-JRG-JDL, 2015 WL 12941897 (E.D. Tex. May 19, 2015)...........................8

*Davis v. Dallas Area Rapid Transit*,
   383 F.3d 309 (5th Cir. 2004) .......................................................................................*passim*

*Del Mar Avionics, Inc. v. Quinton Instrum. Co.*,
   836 F.2d 1320 (Fed. Cir. 1987)..............................................................................................10

*Duffie v. U.S.*,
   600 F.3d 362 (5th Cir. 2010) ...................................................................................................2

*Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*,
   95 F.3d 358 (5th Cir. 1996) .....................................................................................................7

*Fujitsu Ltd. v. Tellabs Operations, Inc.*,
   No. 12 C 3229, 2013 WL 361810 (N.D. Ill. Jan. 30, 2013) ...................................................10

*Heath v. TFS Dining, LLC*,
   No. A-20-CV-890-RP, 2022 WL 827654 (W.D. Tex. Mar. 18, 2022)....................................10

*Innovation Sci., LLC v. HTC Corp.*,
   No. 4:19-CV-752, 2020 WL 2320056 (E.D. Tex. May 11, 2020).............................................5

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*,
   590 U.S. 405 (2020)........................................................................................................1, 2, 3, 4

*Nystrom v. Trex Co., Inc.*,
   580 F.3d 1281 (Fed. Cir. 2009)................................................................................................3

*Pulido v. Allstate Vehicle and Prop. Ins. Co.*,
No. 1:23-CV-309, 2024 WL 1468922 (E.D. Tex. April 3, 2024) ............................................4

*SimpleAir, Inc. v. Google LLC*,
884 F.3d 1160 (Fed. Cir. 2018)............................................................................................6

*Tol-O-Matic, Inc. v. Proma Produkt-Und Mktg. Gmbh*,
945 F.2d 1546 (Fed. Cir. 1991)............................................................................................10

*Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n*,
721 F.2d 1305 (Fed. Cir. 1983)............................................................................................3

**Rules**

Fed. R. Civ. P. 26(b)(1)..........................................................................................................4

A fundamental safeguard to the efficient operation of our judicial system is the doctrine of res judicata, more commonly referred to as claim preclusion. It "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated. . . . If the plaintiff wins, the entire claim is merged in the judgment; the plaintiff cannot bring a second independent action for additional relief."[1] By precluding parties from contesting matters they have had a full and fair opportunity to litigate, this doctrine protects against the expense and vexation attending multiple lawsuits and conserves judicial resources.

In SVV's prior case against Acer, the jury found that SVV and Acer, at the time of the hypothetical negotiation, would have agreed to a fully paid-up lump sum royalty for a license to SVV's patents. There is no basis in fact or law permitting SVV to sue on those patents again for additional relief. SVV's opposition obfuscates the law and the facts, but the resolution of Acer's motion is straightforward.

Counts I and IV of SVV's First Amended Complaint (Dkt. 20) ("FAC") should be dismissed based on claim preclusion because this Court's final judgment in the prior case awarded SVV a lump sum for all infringement—past and future—of those patents. Given the jury's award of a lump sum for any infringement of these patents, the issue of whether the newly accused products are "essentially the same" as the previously accused products is irrelevant. Nevertheless, Acer's motion also established that Counts I and IV accuse "essentially the same" products SVV accused in its 2022 cases and SVV failed to present any substantive argument in response

And Count III of the FAC should be dismissed based on the doctrine precluding duplicative litigation because this Court is already presiding over a case between these parties on that patent. SVV can pursue Count III—virtually identical to Count III in the 641 Suit filed in 2022—there.

---

[1] *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*, 590 U.S. 405, 412 (2020).

At a minimum, this Court should stay this count pending the resolution of that case.

**I.    Claim preclusion requires dismissal of Counts I and IV because SVV pleads no new cause of action.**

    **A.    SVV is wrong on the law and improperly conflates claim preclusion, issue preclusion, and the *Kessler* doctrine.**

        **1.    Claim preclusion prevents a prevailing plaintiff from bringing a second action for additional relief.**

SVV's argument that only a prevailing party can rely on claim preclusion is wrong. Opp. at 4-5, 8 (Dkt. 27). In describing the "merger" aspect of "claim preclusion," the Supreme Court stated: "*If the plaintiff wins*, the entire claim is merged in the judgment; *the plaintiff cannot bring a second independent action for additional relief.*" *Lucky*, 590 U.S. at 412 (emphases added). Further, the Fifth Circuit's "test for claim preclusion has four elements." *Duffie v. U.S.*, 600 F.3d 362, 372 (5th Cir. 2010). None limit claim preclusion to the prevailing party. Nor can the *Kessler* doctrine limit claim preclusion, as SVV urges. Opp., 4-5. The *Kessler* doctrine is "a separate and distinct doctrine." *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055-56 (Fed. Cir. 2014).

        **2.    SVV's "specific products" standard is incorrect.**

SVV is also incorrect that claim preclusion applies only to the "specific products" previously litigated. Opp., 5-6, 9-12, 15-16.[2] Courts have rejected this argument, explaining products that "do not completely overlap" are still considered essentially the same "so long as those differences are not relevant to the infringement inquiry." *Adaptix, Inc. v. AT&T Mobility LLC*, No. 6:12-CV-17, 2015 WL 12696204 at *14 (E.D. Tex. May 12, 2015).

The correct scope of claim preclusion asks whether "the same claim or cause of action is involved in both suits." *Duffie*, 600 F.3d at 372. "Suits involve the same claim (or 'cause of action') when they arise from the same transaction . . . or involve a common nucleus of operative facts."

---

[2] SVV's position is so untenable that it argues it can accuse products specifically identified in the Previous Actions' complaints (e.g., the Acer X35). Opp., 15-16.

*Lucky*, 590 U.S. at 412 (cleaned up).  The Fifth Circuit applies the "transactional test" to determine whether the prior and current suits involve the same cause of action.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).  "The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'"  *Id.*  To answer this question, the Fifth Circuit "review[s] the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts."  *Id.*  Thus, whether "the specific products . . . were litigated and adjudicated in the 2022 Cases" (Opp., 16-17) has no impact under the correct "same cause of action" standard.

Thus, SVV defined the scope of its first case based on its identification of products in its operative complaint.  But in the patent context, the scope of the first case extends beyond the same products to also include products which are "essentially the same" as those products.  *Nystrom v. Trex Co., Inc.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009).  SVV is foreclosed from pursuing additional recovery for those products, whether or not it elected to litigate them. *Adaptix*, 2015 WL 12696204, at *13, *18 (finding claim preclusion even though the "devices in the [first] cases were Apple and HTC devices []and here [in the second case] they are LG and Pantech devices").

SVV incorrectly argues that *Young* limits claim preclusion to the "specific products that were actually before the court in the earlier suit." Opp., 5-6, 11 (quotations omitted).  But *Young* expressly applied the "same transactional facts" test, not a "specific products" test.  *Young Eng'rs, Inc. v. U.S. Int'l Trade Comm'n*, 721 F.2d 1305, 1314 (Fed. Cir. 1983).  Moreover, *Young* is distinguishable because the accused infringer presented the "untenable position" that a prior voluntary dismissal with prejudice of an earlier complaint accusing different products deemed it an "unfettered licensee" for the entire patent term.  *Id.* at 1316.  The "[defendant] did not seek to prove that the present[ products] are the same as those at issue in the [prior case]."  *Id.*

3

At its core, SVV's legal error in arguing that a "cause of action" is limited to the specific products actually litigated arises from an improper conflation of issue and claim preclusion. Opp., 5-7, 9-13. Acer's motion was not based on issue preclusion (or even the *Kessler* doctrine). And "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—*even if they were not actually litigated*." *Lucky*, 590 U.S. at 412 (emphasis added).

### 3. Claim preclusion is not defined by the scope of discovery.

SVV argues that a cause of action of a prior case should not be defined by the scope of the complaint but rather based on the discovery elected by the plaintiff in that case. Opp., 10. SVV has it backwards—the scope of discovery extends to any nonprivileged matter relevant to a party's claim as plead in the complaint. *See* Fed. R. Civ. P. 26(b)(1); *Pulido v. Allstate Vehicle and Prop. Ins. Co.*, No. 1:23-CV-309, 2024 WL 1468922, at *2 (E.D. Tex. April 3, 2024) ("[T]he allegations in a plaintiff's complaint inform the scope of discovery—not the other way around.").

SVV then misrepresents a discovery dispute from the prior case to argue that *Acer* limited discovery to only those products charted in SVV's infringement contentions. Opp., 10. As an initial matter, a defendant cannot unilaterally limit a plaintiff's cause of action by what the defendant elects to produce. And the specific discovery dispute highlighted by SVV concerned timing, not relevance—namely, should Acer produce sales data on a rolling basis or all at once after SVV provided its final list of products SVV contends infringed the patents-in-suit. *SVV Tech. Innovations, Inc. v. Acer Inc.*, 6:22-cv-639, Dkt. 53 at 2-3 (W.D. Tex.) ("By producing after Plaintiff identifies all accused products, Acer can collect all the relevant sales information at one time, minimizing its collection burden"); 6:22-cv-640, Dkt. 54 at 2-3; 6:22-cv-641, Dkt. 54 at 2-3.

**B.     SVV's allegations in its FAC are temporally unlimited.**

SVV opposes dismissal by arguing that some of the newly accused products[3] were released during the pendency or after the final verdict in the 640 Suit. Opp., 5-6, 13-15. The FAC does not support or include any such temporal limits. Where two sets of products are essentially the same, "[w]ithout a doubt, [claim preclusion] principles bar the assertion of infringement . . . to the extent the alleged acts of infringement predate the final judgment in the [first case]." *Brain Life*, 746 F.3d at 1053. Moreover, SVV's FAC references a "letter" to Acer "dated January 22, 2021" notifying Acer of the '397 patent, '205 patent, and "identifying several of Acer's products." Dkt. 20 ¶ 36. This letter shows SVV's belief that its causes of action extend at least back to January 2021, long before the 640 Suit was filed in 2022.

On the other hand, some products SVV now contends infringe were released before the 640 Suit was filed. For example, SVV accuses the "Acer XV273K Pbmiipprzx" for both patents. Dkt. 20 ¶¶ 54, 72. This product was available well before SVV filed suit in 2022.[4] If anything, publicly available information shows the accused products are not "temporally limited to acts occurring after final judgment was entered in the first suit." *Brain Life*, 746 F.3d at 1054.

The FAC similarly alleges no facts supporting that SVV "justifiably omitted" products. Opp., 14. "[S]pecial circumstances" were required in *Innovation Sci., LLC v. HTC Corp.*, No. 4:19-CV-752, 2020 WL 2320056, at *4 (E.D. Tex. May 11, 2020). The FAC is temporally unlimited, and there is no reason to depart from the general rule precluding pre-final judgment conduct.

---

[3] SVV argues the "Iconia Tab M10" was unveiled "after SVV served its final infringement contentions . . . in the 2022 Cases." Opp., 15. But that product is not accused for the '397 or '205 patents (Dkt. 20 ¶¶ 54, 72), so its release date is irrelevant.

[4] https://www.amazon.com/Acer-XV273K-Pbmiipphzx-Compatible-DisplayHDR400/dp/B07MQBDY91?th=1.

C.    **SVV has no new cause of action because any Acer infringement of the '397 and '205 patents was part of one transaction compensated by the jury's lump sum verdict.**

A pragmatic analysis shows the parties already litigated, and SVV was compensated for, Acer's infringement of the '397 and '205 patents during the 640 Suit. "What grouping of facts constitutes a 'transaction' or a 'series of transactions' must 'be determined pragmatically.'" *Davis*, 383 F.3d at 313 (quoting Restatement (Second) of Judgments § 24 (1982)). The analysis must "giv[e] weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

The jury charge in the 640 Suit instructed the jury it could award a lump sum to compensate SVV for all infringement of the '397 and '205 patents because "[w]hen a lump sum is paid, the infringer pays a single price for a license covering both past and future infringing sales." *SVV*, 6:22-cv-640, Dkt. 149 at 58. The parties understood that a "lump sum payment" would compensate "for a license covering all sales of the licensed product, both past and future." *Id.* Indeed, SVV's damages expert told the jury that "when the licensee just pays a one-time payment" they get "a license through the life of the patents." *Id.*, Dkt. 174 at 54-55 (Tr. 374:24-375:6). According to him, this would give Acer "freedom to use the patented technology however they would like, but they pay upfront for the use through the entire life of the patents." *Id.* And in its verdict, the jury found that the parties would have agreed to a "[o]ne-time lump sum." *Id.*, Dkt. 158 at 8.

To illustrate the pragmatic application of claim preclusion, the Federal Circuit has applied claim preclusion to bar the assertion of new patent claims, such as those obtained in a reexam or continuation, even if they were not in existence during the earlier action. *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1166, 1169 (Fed. Cir. 2018). Here, weighing the "parties' expectations[,] business understanding[, and] usage" shows that all alleged infringement of the '397 and '205

6

patents was adjudicated in the 640 Suit. *Davis*, 383 F.3d at 313. SVV cannot have any new cause of action for these patents, even for newly released products because Acer can, in the words of SVV's expert, "use the patented technology however they would like . . . through the entire life of the patents." *SVV*, 6:22-cv-640, Dkt. 174 at 54-55 (Tr. 374:24-375:6). Given the jury's selection of a lump sum award for all future infringement, there is no need to perform an "essentially the same" analysis for these patents. But, as explained below, Acer nonetheless established its burden to show the newly accused product are essentially the same as those previously accused.

## II. Count III should be dismissed for asserting the same cause of action that is already before this court.

### A. The duplicative litigation doctrine requires only a duplicative, currently pending cause of action between the same parties.

SVV incorrectly argues that Acer cannot raise a duplicative litigation or claim splitting theory because Acer did not previously prevail. Opp., 8. But this is incorrect because the entire point of the doctrine is to streamline duplicative "pending" cases. *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996). There can be no prevailing party where the co-pending action has not reached a final judgment. "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Id.* (citation omitted).

### B. The Court should streamline proceedings and dismiss or stay Count III in view of the pending 641 Suit involving identical allegations.

A substantively verbatim recitation of this cause of action remains pending before this very Court in the 641 Suit. Opening, 13-15. The Court should streamline proceedings, conserve judicial resources, avoid piecemeal litigation of the same cause of action, and avoid harassing duplicative proceedings. *Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380, 1384-86 (Fed. Cir. 2022). Just as the Court routinely takes up matters of ongoing royalties post-trial, this Court can readily address

any newly-accused products in the 641 Suit, rather than starting anew here through duplicative contentions, claim construction proceedings, discovery, dispositive motions, pretrial, trial, etc.

Alternatively, the Court should stay Count III. In *ChriMar Sys., Inc. v. Alcatel-Lucent, Inc.*, No. 6:15-cv-163-JRG-JDL, 2015 WL 12941897 (E.D. Tex. May 19, 2015), "the Court recognize[d] the potential prejudice to Defendants" resulting from potentially duplicative actions. *Id.* at *4. Rather than dismiss, the Court "*sua sponte* stay[ed] the [subsequent] cases pending resolution of [the first case]." *Id.* Here, if the Court does not dismiss, it should at a minimum stay Count III.

## III. There are no disputed material facts: the newly accused products are essentially the same as—if not *the same* based on the 2022 complaints—as those previously accused.

SVV urges denial of Acer's motion because of alleged factual disputes. Opp., 16-17. The only disputed legal element, common to both claim preclusion and claim splitting, is whether SVV asserts the same cause of action as it did in its 2022 cases. And even there, the *material* facts are not disputed and "the affirmative defense appear[s] on the face of the complaint." *Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (quotations omitted).

### A. SVV's complaints broadly accusing Acer's "LED-backlit LCD display panels" properly illustrates why no factual disputes exist.

In determining whether two causes of action share the same scope, the Fifth Circuit "review[s] the facts contained in each complaint to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts." *Davis*, 383 F.3d at 313. Here, Acer's motion demonstrated that the factual allegations in the present case, as embodied in the definition of the accused products and the stated infringement allegations, are substantively identical to its factual allegations in its 2022 cases. Opening, 11-16.

In SVV's 2022 complaints, under a section titled "The Accused Products," SVV used sweeping language to generally accuse all Acer products utilizing "LED-backlit LCD display panels." *Id.*, 6-7; Ex. B, C ¶ 32. And though the complaints identified exemplary product models,

none of the product model listings were limited and each was preceded by a disclaimer that the accused products "are not limited to" those specifically identified. Opening, 7; Ex. B, C ¶¶ 34-38. Although SVV now argues the 2022 cases were limited to Acer products identified in its June 16, 2023 infringement contentions (*see, e.g.*, Opp., 9-11), SVV's First Amended Complaints (filed June 26, 2023) expressly said its 2022 causes of action were *not limited to* the products identified in SVV's infringement contentions. Ex. B, C ¶ 38 ("The Accused Products also include, but are not limited to, the products identified in Plaintiff's infringement contentions which have been served in this case.").

Here, SVV's FAC does accuse product models of infringing SVV's patents that were not expressly identified in the 2022 complaints. But these newly identified products still fall within the limitless scope of "products which utilize LED-backlit LCD display panels" accused in the 2022 complaints. While SVV may now wish that it used narrower language, SVV drafted its 2022 complaints with limitless scope. SVV identifies nothing in the 2022 cases as pled that carves out the products expressly identified in the FAC. Acer thus met its burden, based on the facts pled by SVV in its complaints, to show the scope of the 2024 causes of action are entirely subsumed within the scope of SVV's 2022 cases. *Davis*, 383 F.3d at 314. Because the newly accused products fall within the broad scope of the SVV's 2022 cases, the Court need not even turn to whether the newly accused products are "essentially the same" as those previously accused because there is no dispute that the accused products here "are products which utilize LED-backlit LCD display panels."

B. **Acer's motion established that Counts I, III, and IV accuse "essentially the same" products SVV accused in its 2022 cases and SVV failed to present any substantive argument in response.**

Putting aside whether the newly-accused products fall within the broad definition of "Accused Products" in SVV's 2022 complaints, Acer's motion established that the newly-accused products are also "essentially the same" as those products expressly identified by model number.

9

This provides an independent reason to grant Acer's motion.

Acer's analysis relies on redline compares, substantive discussion, and is anything but "conclusor[]y." Opp., 7; Opening, 11-16. Acer met its burden by relying on SVV's infringement allegations. *Adaptix*, 2015 WL 12696204, at *15 (explaining "Defendants have shown, by relying on [plaintiff's] infringement contentions and assertions, the accused devices in these cases are materially identical to those in the first case"); *id.* at *10 (noting the plaintiff "d[id] not dispute the different [products] operate similarly"). SVV did not identify any differences between the FAC's infringement analyses and those it pled in the Previous Actions, other than product name. By failing to substantively rebut Acer's argument, SVV forfeited any substantive response. *See Heath v. TFS Dining, LLC*, No. A-20-CV-890-RP, 2022 WL 827654, at *7 (W.D. Tex. Mar. 18, 2022).

Moreover, SVV's cited legal authority does not support its argument. *Tol-O-Matic* does not involve claim preclusion and instead addresses whether, after a trial as to the infringement of claim 25, the judgment should be amended to also include claims 1-24 and 32. *Tol-O-Matic, Inc. v. Proma Produkt-Und Mktg. Gmbh*, 945 F.2d 1546, 1554 (Fed. Cir. 1991). In *Del Mar*, products were "shown to differ" structurally, which would not be the same cause. *Del Mar Avionics, Inc. v. Quinton Instrum. Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987). In *Fujitsu*, the defendant's position was that "there are differences, for purposes of infringement, between the products in the original lawsuit and the products accused in [the] new lawsuit." *Fujitsu Ltd. v. Tellabs Operations, Inc.*, No. 12 C 3229, 2013 WL 361810, at *3 (N.D. Ill. Jan. 30, 2013). Here, by contrast, Acer's motion showed that the newly-accused products are "essentially the same" as those previously accused.

## IV.    Conclusion

Acer respectfully requests that the Court dismiss Counts I and IV with prejudice, and dismiss Count III without prejudice to SVV's pending 641 Suit.

Dated: March 31, 2025                    Respectfully submitted,

  */s/ Eric H. Findlay*               
Eric H. Findlay
State Bar No. 00789886
Findlay Craft, P.C.
7270 Crosswater Avenue
Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137

Jacob A. Schroeder, *admitted pro hac vice*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
jacob.schroeder@finnegan.com
Tel: (650) 849-6600
Fax: (650) 849-6666

Benjamin A. Saidman, *admitted pro hac vice*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
benjamin.saidman@finnegan.com
Tel: (404) 653-6510
Fax: (404) 653-6444

Milan F. Feliciello, *admitted pro hac vice*
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
milan.feliciello@finnegan.com
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Defendant Acer, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on March 31, 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system pursuant to Local Rule CV-5, which will send a notification of such filing to all counsel of record.

         _/s/ Eric H. Findlay_                    
         Eric H. Findlay