**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:24-CV-00536-ADA** |
| | § | |
| **ACER INC.,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court is Defendant Acer Inc.'s Motion to Dismiss Plaintiff SVV Technology Innovations Inc.'s First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 24). After careful consideration of the briefs and the applicable law, the Court finds that the Motion be **DENIED.**

This is a suit brought by Plaintiff SVV Technology Innovations Inc. against Defendant Acer Inc. for infringement of United States Patent Numbers 8,740,397 ("'397 Patent"); 9,678,321 ("'321 Patent"); 10,613,306 ("'306 Patent"); 10,868,205 ("'205 Patent"); 11,616,157 ("'157 Patent"); 11,923,475 ("'475 Patent"); 11,194,085 ("'085 Patent"); and 11,846,794 ("'794 Patent"); collectively, the "Asserted Patents." *See* generally ECF No. 20. On March 3, 2025, Defendant moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts I and IV of Plaintiff's Amended Complaint with prejudice and Count III of Plaintiff's Amended Complaint without prejudice (ECF No. 24). Based on prior litigation between the parties, Defendant argues that Counts I and IV are precluded by the prior litigation and Count III is a duplicative cause of action pled in another pending suit. On March 17, 2025, Plaintiff responded (ECF No. 27). On March 31, 2025, Defendant replied (ECF No. 29).

1

The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine

2

if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

After reviewing the current complaint, the motion to dismiss, the response, and the reply, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion to dismiss. Accordingly, the Court **DENIES** Acer's Motion to Dismiss (ECF No. 24).

**SO ORDERED.**

SIGNED this 25th day of August, 2025.

_____

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

3