**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case Nos.  6:24-cv-00536, 538, 539- |
| ACER INC., | ) | ADA |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT ACER INC.'S MOTION TO STAY PENDING
FEDERAL CIRCUIT APPEAL**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................... 3

III.   LEGAL STANDARD........................................................................................... 4

IV.   ARGUMENT........................................................................................................ 5

      A.    This Case Should Be Stayed Pending the Federal Circuit Appeal of Case No. 6:22-cv-00640 ....................................................................................... 5

           1.    The Early Stage of Litigation Strongly Favors a Stay ................................. 5

           2.    The Federal Circuit Appeal Will Likely Simplify Issues and Conserve Resources ................................................................................. 6

           3.    Granting a Stay Will Not Unduly Prejudice SVV ..................................... 9

      B.    If the Case is Not Stayed, The Schedule Should be Negotiated ........................... 10

V.    CONCLUSION.................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Applied Biokinetics LLC v. Walmart Inc.*,
No. 6:21-cv-01132-ADA, Dkt. 25 (W.D. Tex. Aug. 16, 2022)............................................. 4, 7

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
No. 1:20-cv-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022).................................... 6, 8

*Clinton v. Jones*,
520 U.S. 681 (1997)............................................................................................................ 4

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
No. A-13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ................................. 9

*Personal Audio, LLC v. Apple Inc.*,
No. 9:11-cv-120-RC, Dkt. 29 (E.D. Tex. Oct. 3, 2011) .................................................. 4, 7, 8

*Polaris PowerLED Tech. LLC v. Dell Tech. Inc.*,
No. 1:22-CV-0973-RP, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ................................ 9

*TC Tech. LLC v. T-Mobile USA, Inc.*,
No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021).................. 4, 5, 6, 9

## I.    INTRODUCTION

SVV's cases against Acer (Nos. 6:24-cv-536, -538, and -539-ADA) should be stayed pending resolution of Acer's appeal from the lump sum verdict SVV obtained in *SVV Tech. Innovations Inc. v. Acer Inc.*, No. 6:22-cv-00640-ADA (W.D. Tex.).  In these three cases, SVV has asserted 24 patents, including 16 patents that are the same or related to those patents subject to the lump sum verdict at issue in the above-referenced appeal.  The lump sum verdict fully compensates SVV for any infringement of at least these 16 asserted patents and, as SVV told the jury, provides Acer with freedom to operate with respect to these patents.  Given this posture, a stay is warranted pending the resolution of Acer's appeal.

The relationship between the lump sum verdict and the pending cases was first raised in Acer's Motion for Summary Judgment in SVV's Case Nos. 6:24-cv-536, -538, 539-ADA (the "2024 Cases").  Def.'s Mot. for Summ. J., Dkt. 45.  This Court found that it was "not prudential to resolve" Acer's Motion at the time because the appeal of the lump sum verdict in 6:22-cv-640 "could fundamentally change the parties' positions" on this issue and "the relevant lump sum verdict will be impacted" by that appeal. Dkt. 64 at 1.  The same rationale applies equally here. It would not be a prudential use of the Court's or the parties' resources to litigate these three additional cases concerning at least the same or related patents when the result of Acer's appeal from SVV's lump sum verdict will render any such results obtained moot and any such effort wasted.

Despite opposing the stay here,[1] SVV recognizes that the appeal will impact its assertion of eight of the same patents in other proceedings.  Indeed, SVV has already agreed to stay Case Nos. 6:22-cv-639, -641-ADA—two other cases filed by SVV against Acer in 2022 asserting

---

[1] Counsel for the parties met and conferred on July 15, 2026, and Plaintiff opposes a stay.

eight of the same patents—in view of the pending appeal.  These 2024 Cases should be similarly stayed.

All relevant factors weigh strongly in favor of a stay.  *First*, this case remains in its early stages because, as SVV recently asserted, "the Parties have had *no time to conduct fact discovery*."  Opposed Mot. for Entry of Scheduling Order, Dkt. 65 at 1 (emphasis added).  SVV has also separately moved for entry of a new schedule setting a new trial date, vacating the old schedule and trial date.  *Id.*  Staying the case now promotes judicial efficiency and prevents unnecessary expenditure on potentially licensed patents.

*Second*, the Federal Circuit appeal is highly likely to simplify the issues before the Court.  Indeed, as noted above, the Court deferred ruling on Acer's Summary Judgment Motion until after the appeal "[b]ecause the relevant lump sum verdict will be impacted."  Dkt. 64 at 1.  The appeal (and finality regarding the lump sum verdict) will clear the way for the Court to find that Acer holds an implied license to 16 of the 24 asserted patents, significantly simplifying the three cases that are subject to this motion.  *Id.*  And the Federal Circuit's determination of the appropriate lump sum award to give Acer "freedom to operate" with respect to SVV will certainly impact the opinions of any damages experts in this case.

*Third*, a stay will not unduly prejudice SVV.  SVV already agreed to stay two other related cases (Nos. 6:22-cv-00639, -00641-ADA) involving the same parties and eight of the same patents as the 2024 Cases.  The parties explained that "given the Court's ruling and pending appeal in 6:22-cv-640," "[t]he Parties agree that the above-captioned cases (i.e., -639 and -641) should be stayed pending the appeal."  *SVV Tech. Innovations Inc. v. Acer Inc.*, No. 6:22-cv-639, Dkt. 137 (W.D. Tex. Jul. 16, 2026); *SVV Tech. Innovations Inc. v. Acer Inc.*, No.

2

6:22-cv-641, Dkt. 134 (W.D. Tex. Jul. 16, 2026).  Moreover, SVV does not compete with Acer and seeks only monetary damages.

Taken together, these considerations strongly favor a stay.  Acer respectfully requests the Court likewise stay Case Nos. 6:24-cv-536, -538, and -539-ADA pending resolution of the Federal Circuit appeal.

## II.    BACKGROUND

SVV sued Acer in 2022, alleging infringement of 13 patents in Case Nos. 6:22-cv-00639, -00640, -00641-ADA (the "2022 Cases").  The 13 patents were split across three consolidated cases.  SVV prepared a single damages expert report across the three cases providing a per-unit royalty that applied regardless of whether one patent was infringed or whether 13 patents were infringed.  Of these cases, a jury verdict was issued in Case No. 6:22-cv-00640-ADA, awarding SVV a fully-paid up lump sum that provided Acer "freedom to operate" and which Acer timely appealed.  Def.'s Notice of Appeal, *SVV v. Acer*, No. 6:22-cv-00640-ADA, Dkt. 214 (W.D. Tex. Jul. 8, 2026).  SVV sued Acer again in the 2024 Cases asserting 24 patents.  Of these 24 asserted patents, 16 are the same or related to the patents asserted in the 2022 Cases.  Def.'s Mot. for Summ. J., Dkt. 45, 3-4 (explaining patent relationships).

On September 17, 2025, Acer moved for summary judgment that the earlier lump-sum verdict precludes further remedies for 16 of the 24 patents asserted in the 2024 Cases.  The Court found that it was premature and "not prudential to resolve" Acer's fully-briefed Motion for Summary Judgment at this time "[b]ecause the relevant lump sum verdict will be impacted by proceedings outside of this Court."  Dkt. 64 at 1.

The Court originally entered schedules for the 2024 Cases on March 6, 2025.  Dkt. 26. The Court stayed these cases, expressing concern about SVV seeking to recover more after already receiving a lump sum.  *Markman* Hr. (Dkt. 43) at 39:18-20 ("I certainly am troubled by

3

the idea of any pursuit of anything after one gets a lump sum.").  In view of the Court's stay of these cases pending Acer's Summary Judgment Motion (Dkt. 42), and after the Court denied it without prejudice to refiling pending resolution of the appeal, SVV recently filed an opposed motion to amend the scheduling order and set a new trial date.  Opposed Mot. for Entry of Scheduling Order, Dkt. 65.  In parallel with the present motion, Acer will oppose SVV's opposed motion to amend the scheduling order in view of its position that the cases should be stayed.

## III.    LEGAL STANDARD

A court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "In the interest of judicial efficiency," this Court has granted stays "pending an appeal in Related Cases" between two parties where the appeal would resolve issues in the present case.  *Applied Biokinetics LLC v. Walmart Inc.*, No. 6:21-cv-01132-ADA, Dkt. 25 at 1 (W.D. Tex. Aug. 16, 2022) (staying case where defendant filed a motion to dismiss "that incorporates the arguments made by the defendant in the Related Cases" pending appeal to resolve those arguments); *see also Personal Audio, LLC v. Apple Inc.*, No. 9:11-cv-120-RC, Dkt. 29 at 3 (E.D. Tex. Oct. 3, 2011) (staying case and explaining that "[t]he court sees no reason to waste time and resources proceeding with the instant case, which is based entirely on a ruling the court made in the -111 case as to the effect of the jury verdict, until the Federal Circuit has ruled").

In determining whether a stay is warranted, a district court considers three factors: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before

4

the court." *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *2 (W.D. Tex. Dec. 7, 2021).

## IV.    ARGUMENT

### A.    This Case Should Be Stayed Pending the Federal Circuit Appeal of Case No. 6:22-cv-00640

All factors weigh in favor of staying this case pending the resolution of the Federal Circuit Appeal. *First*, this case is in its early stages. SVV acknowledges that "the Parties have had *no time to conduct fact discovery*" or "undertake any other case activities, such as serving expert reports" (Opposed Mot. for Entry of Scheduling Order, Dkt. 65 at 1) (emphasis added)), and an amended scheduling order with a new trial date are now required (*id.*). *Second*, the Federal Circuit Appeal is highly likely to simplify the issues in this action by clearing the path for this Court to rule on Acer's Summary Judgment Motion that it is impliedly licensed to 16 of the 24 asserted patents. Dkt. 64 at 1. That dispositive issue, though undecided by the Court, will remain open until after the Federal Circuit disposes of the appeal. *Third*, SVV will not be unduly prejudiced by a stay because it already agreed to stay the two other 2022 Cases, which evidences the lack of prejudice here. *SVV*, No. 6:22-cv-639, Dkt. 137; *SVV*, No. 6:22-cv-641, Dkt. 134. SVV also does not compete with Acer and seeks only monetary damages.

### 1.    The Early Stage of Litigation Strongly Favors a Stay

These cases are at an early stage because no fact discovery has been conducted. SVV acknowledges that "the Parties have had *no time to conduct fact discovery*." Opposed Mot. for Entry of Scheduling Order, Dkt. 65 at 1 (emphasis added). SVV also acknowledges that, despite the pendency of the case, the Parties have not "had an opportunity to undertake any other case activities, such as serving expert reports." *Id*. Given that there has been "no time to conduct fact discovery," SVV now asks the Court in a pending motion to enter an amended schedule setting a

5

new trial date. *Id*. As it stands, no amended schedule with a new trial date has been entered. Because litigating the remainder of the 2024 Cases will require significant resources from both the parties and the Court, a stay now would promote judicial efficiency and minimize the risk of expending resources on patents that the Court may find are impliedly licensed to Acer pending the appeal.

The Court's *Markman* Order (Dkt. 41) does not change the outcome. Even when "claim construction has already occurred," "the status of the litigation favors a stay" where "[t]he parties have yet to complete a substantial amount of discovery—including depositions" and "[t]he court has not yet rendered a scheduling order or set a trial date." *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-cv-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). And here, as SVV acknowledges, "the Parties have had no time to conduct fact discovery" in the 2024 Cases and the Court will need to set a new trial date. Opposed Mot. for Entry of Scheduling Order, Dkt. 65 at 1. The resources this Court will conserve by staying the 2024 Cases now, before overseeing litigation of 16 potentially licensed patents, greatly outweigh the Court's current investment in the 2024 Cases. And the same reasons that warranted staying these cases so the Court could rule on Acer's summary judgment motion warrant staying these cases pending the resolution of the Federal Circuit appeal (which, this Court has concluded, precludes resolving Acer's motion).

> ### 2. The Federal Circuit Appeal Will Likely Simplify Issues and Conserve Resources

The "most important factor in determining whether to grant a stay" is whether resolution of the related proceeding will result in simplification of issues before the Court. *TC Tech.*, 2021 WL 8083373, at *3. Here, this factor strongly favors a stay.

6

The appeal is highly likely to simplify the issues in the 2024 Cases because the viability of SVV's lump sum verdict—i.e., the subject of the appeal—is central to SVV's remaining claims against Acer. The Court found that "it is not prudential to resolve" Acer's Motion for Summary Judgment "at this time" because "the relevant lump sum verdict will be impacted by proceedings outside of this Court." Dkt. 64 at 1. Resolution of the appeal will clear the path for the Court to rule on Acer's Motion for Summary Judgment and determine whether Acer is impliedly licensed to 16 of the 24 patents asserted in the 2024 Cases. The same "prudential" reasons warrant staying the 2024 Cases pending resolution of the appeal of the lump sum award. It would not be a prudential use of Court or party resources to try the three additional 2024 Cases that involve 16 of the same or related patents when resolution of the appeal will render any such results obtained moot and any such effort wasted. Litigating and trying these three cases would require significant resources, especially where the Federal Circuit's decision may fundamentally alter the parties' positions and the scope of these cases.

This Court has stayed cases "[i]n the interest of judicial efficiency" where defendant's motion to dismiss arguments were "on appeal at the Federal Circuit" in a group of "Related Cases." *Applied Biokinetics*, No. 6:21-cv-01132-ADA, Dkt. 25 at 1. The Court should do the same here.

The Court's decision in *Personal Audio* is also directly on point. In *Personal Audio*, the plaintiff filed a second case against additional accused products because it believed that "the lump sum jury verdict in the first case did not cover all Apple products," and defendant moved to stay the case pending appeal of the first jury verdict. No. 9:11-cv-120, Dkt. 29 at 2. The Court granted a stay "until resolution of the appeals," explaining that "[t]he court sees no reason to waste time and resources proceeding with the instant case, which is based entirely on a ruling the

7

court made in the -111 case as to the effect of the jury verdict, until the Federal Circuit has ruled." *Id.* at 3. Likewise, here, given the similarly overlapping nature of SVV's six cases, there is no reason to waste resources re-litigating 16 of the same and related patents until the Federal Circuit has ruled as to the effect of the jury verdict in Case No. 6:22-cv-640.

Although the appeal does not impact all asserted patents in the 2024 Cases, "[t]he standard is simplification of the district court case, not complete elimination of it . . . ." *Bell Semiconductor*, 2022 WL 1447948, at *2 (finding that a potential reduction of three out of seven patents at issue "would significantly reduce the number of claims that proceed to trial" which "weighs in favor of a stay") (citations omitted). Here, resolving the appeal will narrow the case by eliminating 16 of the asserted 24 patents.

Moreover, a stay is necessary because SVV has proposed amending the case schedule to place dispositive motion briefing and trial before resolution of the appeal. SVV proposes scheduling filing dispositive motions on April 19, 2027, and jury selection/trail on July 12, 2027. SVV's Proposed Amended Schedule, Dkt. 66 at 3-4. However, the median time to disposition for Federal Circuit appeals from district court cases in 2025 was 20.5 months from docketing. Ex. A (available at https://www.cafc.uscourts.gov/wp-content/uploads/reports-stats/FY2025/MedianDispositionTime-Merits.pdf). The appeal was docketed on July 17, 2026 (*Acer Inc. v. SVV Tech. Innovations Inc.*, No. 26-2039, Dkt. 1 (Fed. Cir. Jul. 17, 2026)), and thus a disposition can be expected around March 2028. This is *almost one year after* SVV's proposed deadline for filing dispositive motions and eight months after the proposed trial date. SVV's Proposed Amended Schedule, Dkt. 66 at 3-4. If a stay is not granted, the appeal will be unresolved when Acer renews its Motion for Summary Judgment on the deadline for dispositive

motions and the Court will find itself in the same position as it does now—ruling on Acer's motion with the Federal Circuit appeal unresolved.

### 3. Granting a Stay Will Not Unduly Prejudice SVV

SVV would face no undue prejudice from a stay. *First*, SVV agreed to stay the other two 2022 Cases (Nos. 6:22-cv-639, -641-ADA). In those cases, the parties explained that "given the Court's ruling and pending appeal in 6:22-cv-640," "[t]he Parties agree that the above-captioned cases (i.e., -639 and -641) should be stayed pending the appeal." *SVV*, No. 6:22-cv-639, Dkt. 137; *SVV*, No. 6:22-cv-641, Dkt. 134. Those cases involve eight of the same patents as the 2024 Cases (the '089, '342, '562, and '318 patents are asserted in -639 case, and the '306, '999, '795, and '088 patents are asserted in '641 case). SVV's agreement to stay confirms that SVV will suffer no prejudice by also likewise staying the 2024 Cases pending appeal.

*Second*, SVV does not make or sell any products or compete with Acer. SVV only seeks monetary damages, "and mere delay in collecting those damages does not constitute undue prejudice." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015). Courts routinely find no undue prejudice from staying actions brought by litigants seeking only monetary damages. *See, e.g.*, *TC Tech.*, 2021 WL 8083373, at *2; *Polaris PowerLED Tech. LLC v. Dell Tech. Inc.*, No. 1:22-CV-0973-RP, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023). SVV may contend it has an interest in timely enforcing its patents, but "because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay." *TC Tech.*, 2021 WL 8083373, at *2. And by seeking only monetary relief, "a stay will not adversely impact its ability to collect damages for any injury." *Polaris*, 2023 WL 5282381, at *4.

**B.      If the Case is Not Stayed, The Schedule Should be Negotiated**

If the Court disagrees that the 2024 Cases should be stayed, Acer respectfully requests that the Court provide it with an opportunity to negotiate the proposed schedule with SVV. Counsel for the parties met and conferred on July 15, 2026, and the parties had a threshold dispute over whether the 2024 Cases should be stayed.  However, given this threshold dispute, Acer was not afforded an opportunity to propose revisions to SVV's draft proposed amended scheduling order.  Thus, if the Court disagrees with Acer regarding the threshold issue of a stay, Acer respectfully requests that the Court deny SVV's Motion for Entry of Scheduling Order (Dkt. 65) and order that the parties confer on a proposed amended case schedule.

## V.      CONCLUSION

Acer respectfully requests that the Court stay each of Case Nos. 6:24-cv-536, -538, and -539-ADA pending resolution of Acer's Federal Circuit appeal of the judgment in Case No. 6:22-cv-640.

Dated: July 22, 2026

Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Findlay Craft, P.C.
7270 Crosswater Avenue
Suite B
Tyler, Texas 75703
efindlay@findlaycraft.com
Tel: (903) 534-1100
Fax: (903) 534-1137

Jacob A. Schroeder (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, California 94304
jacob.schroeder@finnegan.com
Tel: (650) 849-6600
Fax: (650) 849-6666

Benjamin A. Saidman (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
benjamin.saidman@finnegan.com
Tel: (404) 653-6510
Fax: (404) 653-6444

Milan F. Feliciello (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
milan.feliciello@finnegan.com
Tel: (202) 408-4000
Fax: (202) 408-4400

Craig Kaufman (*pro hac vice*)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA 95014
ckaufman@tklg-llp.com
Tel: (650) 517-5200

11

Fax: (650) 562-8054

*Attorneys for Defendant Acer Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system pursuant to Local Rule CV-5, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Eric H. Findlay
Eric H. Findlay

13